IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL JONES, SR.** | * | CIV. ACTION NO. 17-1491 |
| *Plaintiff* | * | JUDGE JAY C. ZAINEY |
| **VERSUS** | * | MAGISTRATE JOSEPH C. WILKINSON, JR. |
| | * | |
| **U.S. DEPARTMENT OF EDUCATION c/o GREATLAKES HIGHER GUAR CORP COLLECTION SUPPORT** | * | |
| | * | |
| *Defendant* | * | |

*File Unsigned*

## PRE-TRIAL ORDER

### 1. PRE-TRIAL CONFERENCE

The Final Pre-Trial Conference in this matter will be held before the Honorable Judge Jay C. Zainey at 11:15 a.m. on March 1, 2018, in New Orleans, Louisiana.

### 2. APPEARANCES OF COUNSEL

a. Michael Jones, Sr., *pro se*:

   317 St. Phillip St.
   Raceland, LA 70394

   or

   P.O. Box 1049
   Westwego, LA 70096

b. Representing Great Lakes Educational Loan Services, Inc.:

   G. ROBERT PARROTT II (#37511)
   GRAHAM H. WILLIAMS (#36731)
   Adams and Reese LLP
   701 Poydras Street, Suite 4500

New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
robert.parrott@arlaw.com
graham.williams@arlaw.com

### 3. DESCRIPTION OF PARTIES

Plaintiff, Michael Jones, Sr., is an individual of the full age of majority and domiciled in Lafourche Parish, State of Louisiana.

Defendant, Great lakes Educational Loan Services, Inc., is a Wisconsin limited liability company. Great Lakes has denied all liability with respect to the claims of the plaintiff, Michael jones, Sr..

### 4. JURISDICTION

Jurisdiction of this matter is conferred by 28 U.S.C. § 1331.

### 5. PENDING MOTIONS

**PLAINTIFF**

None.

**DEFENDANT**

Defendant filed a Motion for Summary Judgment on January 30, 2018 (Rec. Doc. 19). It has been noticed for submission on March 7, 2018 at 9:00 a.m.

### 6. SUMMARY OF MATERIAL FACTS

**PLAINTIFF:**


**DEFENDANT:**

2

In August 2004, Plaintiff, Michael Jones, Sr. took out a FFELP Parent Plus loan student loan from Fifth Third Bank to help finance the education of his daughter, Tiffanie Jones. The Parent Plus FFELP Loan was immediately transferred to Zions FNB, and defaulted on November 16, 2006. Plaintiff then took out a consolidation FFELP loan from The Graduate Loan Center in the original principal amount of $13,482.00. The proceeds of the Consolidation Loan were used to pay of the defaulted Parent Plus FFELP Loan.

The Consolidation Loan was serviced by Great Lakes from October 2006 to June 2012. Student loan servicers work with borrowers on the repayment of their loans. Great Lakes Higher Education Guaranty Corporation served as the guaranty agency for the Consolidation Loan.

From 2006 to 2009, at the request of the borrower, the Consolidation Loan was placed in forbearance on multiple occasions for failure to pay. Ultimately, the Consolidation Loan defaulted in 2010 due to lack of payments or contact with the Plaintiff. As a result of the default, Great Lakes Guaranty paid the private lender the remaining balance that was owed under the Consolidation Loan pursuant to its obligations under the FFELP. Thereafter, Great Lakes Guaranty took over due diligence and collection actions required on the Consolidation Loan under the FFELP.

By letter dated February 1, 2012, the U.S. Department of Treasury notified Plaintiff that it was withholding his 2011 federal tax refund in the amount of $4,982.00 to be applied to the outstanding balance owed under the Consolidation Loan. On or about April 5, 2012, Plaintiff submitted an application seeking a discharge of the Consolidation Loan based on total and permanent disability.

By letter dated April 6, 2012, Great Lakes informed Plaintiff that his TPD Discharge Application had been received and was being reviewed to determine if he met the qualifications for a disability discharge. It also informed Plaintiff that if he was determined to be eligible for discharge, his loan would be transferred to the DOE's TPD Servicer and the TPD Servicer would make a final determination of discharge eligibility. Great Lakes Guaranty referred the Consolidation Loan to DOE/Nelnet on May 7, 2012, and was accepted by the TPD Unit at Nelnet on or about June 6, 2012.

By letter dated April 18, 2012, Plaintiff requested that Great Lakes review the offset of his federal tax refund, claiming he did not believe he would be obligated on the Consolidation Loan when he signed it, and stating he could not repay the Consolidation Loan due to increased medical expenses. By letter dated May 16, 2012, Great lakes informed Plaintiff that his account had been approved for disability discharge, and that the U.S. Department of Education ("DOE") would be reviewing his file and determining if he was eligible for a refund. The letter notified Plaintiff to contact the DOE with any further questions.

Due to Plaintiff's TPD discharge, the Consolidation Loan was assigned to the DOE and its TPD Servicer, Nelnet, took over servicing the Consolidation Loan and assisted the DOE in administering the TPD discharge process. Great Lakes Guaranty and Great Lakes have had no relationship with the Consolidation Loan since it was transferred in 2012.

By letter dated August 13, 2012, Nelnet, on behalf of the DOE, has informed Plaintiff his TPD Discharge Application had been approved on the basis of his total and permanent disability. In addition, it informed Plaintiff the Consolidation Loan would be reinstated if he did not satisfy certain requirements during a post-discharge-monitoring period in effect for three years from the discharge date, July 17, 2012.

4

By letter dated August 8, 2014, Nelnet notified Plaintiff the Consolidation Loan had been reinstated for failure to meet the required conditions during the three-year post-discharge monitoring period and that the DOE transferred the reinstated loan to Nelnet, its servicer.

On February 21, 2017, Plaintiff filed his Petition naming as defendant, "U.S. Department of Education c/o GreatLakes Higher Guar Corp Collection Support," for the return of the $4,982.00 tax refund offset and to stop the 2017 garnishment of the Plaintiff's social security benefits to repay the Consolidation Loan.

Plaintiff produced a letter form Nelnet dated August 2, 2017, in which Nelnet informed Plaintiff it received his second TPD Discharge Application and it was being reviewed. Plaintiff produced a letter from the DOE dated August 16, 2017, in which the DOE notified Plaintiff his request to stop the offset of his social security benefits due to financial hardship had been approved for a 12-month period. Plaintiff produced a letter from Nelnet dated September 18, 2017, in which Nelnet informed Plaintiff his second TPD Discharge Application was approved, subject to a 3-year post-discharge monitoring period.

### 7. UNCONTESTED MATERIAL FACTS

Defendant Great Lakes proposes that the following material facts are uncontested:

1. In August 2004, Plaintiff, Michael Jones, Sr. ("**Plaintiff**" or "**Mr. Jones**"), took out a FFELP Parent Plus loan student loan from Fifth Third Bank to help finance the education of his daughter, Tiffanie Jones (the "**Parent Plus FFELP Loan**"). The Parent Plus FFELP Loan was immediately transferred to Zions FNB, and defaulted on November 16, 2006.

2. On or about October 31, 2006, Plaintiff took out a consolidation FFELP loan from The Graduate Loan Center in the original principal amount of $13,482.00 (the "**Consolidation**

5

Loan"). The proceeds of the Consolidation Loan were used to pay of the defaulted Parent Plus FFELP Loan.

3. The Consolidation Loan was serviced by Great Lakes from October 2006 to June 2012. Student loan servicers work with borrowers on the repayment of their loans. A servicer provides a wide variety of functions for lenders and borrowers, from payment application, to helping borrowers understand repayment and deferment options.

4. Great Lakes Higher Education Guaranty Corporation ("**Great Lakes Guaranty**") served as the guaranty agency for the Consolidation Loan.

5. From 2006 to 2009, at the request of the borrower, the Consolidation Loan was placed in forbearance on multiple occasions for failure to pay. Ultimately, the Consolidation Loan defaulted in 2010 due to lack of payments or contact with the Plaintiff. As a result of the default, Great Lakes Guaranty paid the private lender the remaining balance that was owed under the Consolidation Loan pursuant to its obligations under the FFELP. Thereafter, Great Lakes Guaranty took over due diligence and collection actions required on the Consolidation Loan under the FFELP.

6. By letter dated February 1, 2012, the U.S. Department of Treasury notified Plaintiff that it was withholding his 2011 federal tax refund in the amount of $4,982.00 to be applied to the outstanding balance owed under the Consolidation Loan.

7. On or about April 5, 2012, Plaintiff submitted an application seeking a discharge of the Consolidation Loan based on total and permanent disability ("**TPD Discharge Application**").

8. By letter dated April 6, 2012, Great Lakes informed Plaintiff that his TPD Discharge Application had been received and was being reviewed to determine if he met the

qualifications for a disability discharge. The letter also informed Plaintiff that if he was determined to be eligible for discharge, his loan would be transferred to the DOE's TPD Servicer and the TPD Servicer would make a final determination of discharge eligibility. Great Lakes Guaranty referred the Consolidation Loan to DOE/Nelnet on May 7, 2012, and was accepted by the TPD Unit at Nelnet on or about June 6, 2012.

9. By letter dated April 18, 2012, Plaintiff requested that Great Lakes review the offset of his federal tax refund, claiming he did not believe he would be obligated on the Consolidation Loan when he signed it, and stating he could not repay the Consolidation Loan due to increased medical expenses.

10. By letter dated May 16, 2012, Great Lakes responded to Plaintiff as follows:

Dear Michael Jones:

This letter is in response to your request for a review of the offset of your Federal Income Tax Refund due to hardship.

We have reviewed the documentation submitted. Since your account has been approved for disability discharge, the U.S. Department of Education will be reviewing your file and determining if you are eligible for a refund.

If you have further questions, you may contact the agency listed below:

    U.S. Department of Education

    P.O. Box 173904

    Denver, CO 80217

    1-888-303-7818

11. Due to Plaintiff's TPD discharge, the Consolidation Loan was assigned to the DOE and its TPD Servicer, Nelnet, took over servicing the Consolidation Loan and assisted the DOE in administering the TPD discharge process.

12. Great Lakes Guaranty and Great Lakes have had no relationship with the Consolidation Loan since it was transferred in 2012.

13. By letter dated August 13, 2012, Nelnet, on behalf of the DOE, informed Plaintiff his TPD Discharge Application had been approved on the basis of his total and permanent disability.

14. In addition, the letter informed Plaintiff the Consolidation Loan would be reinstated if he did not satisfy certain requirements during a post-discharge-monitoring period in effect for three years from the discharge date, July 17, 2012.

15. By letter dated August 8, 2014, Nelnet notified Plaintiff the Consolidation Loan had been reinstated for failure to meet the required conditions during the three-year post-discharge monitoring period and that the DOE transferred the reinstated loan to Nelnet, its servicer.

16. On February 21, 2017, Plaintiff filed his Petition naming as defendant, "U.S. Department of Education c/o GreatLakes Higher Guar Corp Collection Support," for the return of the $4,982.00 tax refund offset and to stop the 2017 garnishment of the Plaintiff's social security benefits to repay the Consolidation Loan.

17. Plaintiff produced a letter from Nelnet dated August 2, 2017, in which Nelnet informed Plaintiff it received his second TPD Discharge Application and it was being reviewed.

18. Plaintiff produced a letter from the DOE dated August 16, 2017, in which the DOE notified Plaintiff his request to stop the offset of his social security benefits due to financial hardship has been approved for a 12-month period.

19. Plaintiff produced a letter from Nelnet dated September 18, 2017, in which Nelnet informed Plaintiff his second TPD Discharge Application was approved, subject to a 3-year post-discharge monitoring period.

## 8. CONTESTED FACTS

1. Whether there is any contract between Plaintiff and Great Lakes.

2. Whether the subject Loan went into default;

3. Whether the subject Loan was in default at the time of the offset to Plaintiff's tax refund;

4. Whether the offset of Plaintiff's tax refund occurred at a time during which the Loan was in default and prior to the approval of Plaintiff's TPD Discharge application;

5. Whether Great Lakes was involved in any manner with respect to the offset of Plaintiff's tax refund;

6. Whether Great Lakes was involved in any manner with respect to the garnishment of Plaintiff's wages in 2017;

7. Whether Great Lakes has had any relationship with the subject Loan or Plaintiff since 2012.

## 9. CONTESTED ISSUES OF LAW

1. Whether Plaintiff has asserted a claim upon which relief may be granted against Great Lakes;

9

2. Whether there is any legal basis to impose liability on Great Lakes for any action taken in connection with the subject Consolidated Loan since Great Lakes stopped serving the Loan in 2012 when it was transferred to the DOE and its TPD servicer, Nelnet.

3. Whether there is any contract between Plaintiff and Great Lakes.

4. Whether Great Lakes breached any contract with Plaintiff;

5. Whether Plaintiff's claims against Great Lakes are time-barred due to prescription;

6. Whether the offset of Plaintiff's tax refund was lawful;

7. Whether Plaintiff has suffered any damages as a result of the actions of Great Lakes;

8. All other issues of law raised or implicit in the foregoing contested issues of fact.

## 10. EXHIBITS

Plaintiff failed to serve a list of trial exhibits by the January 2, 2018 deadline set forth in the Court's Scheduling Order [Doc. 12]. Defendant filed and served its exhibit list in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order on January 2, 2018.

### PLAINTIFF

Great Lakes will object to any exhibits sought to be introduced by Plaintiff due to Plaintiff's failure to serve a list of trial exhibits by the January 2, 2018 deadline set forth in the Court's Scheduling Order.

### DEFENDANT

1. FFELP Application and Promissory Note (Great Lakes_000001-000004);

2. February 1, 2012 Letter (Jones_000001);

3. TPD Discharge Application (Great Lakes_000006-000012);

4. April 6, 2012 Letter (Great Lakes_000034);

5. April 18, 2012 Letter (Great Lakes_000048-000049);

6. May 16, 2012 Letter (Great Lakes_000028);

7. August 13, 2012 Nelnet Letter (Jones_000003);

8. August 8, 2014 Nelnet Letter (Great Lakes_000051-000052);

9. August 2, 2017 Nelnet Letter (Jones_000006-000008);

10. August 16, 2017 DOE Letter (Jones_000005);

11. September 18, 2017 Nelnet Letter (Jones_000010-000012);

12. February 10, 2014 Nelnet Letter (Jones_000004);

13. Borrower Information (Great Lakes_000005);

14. Loan Detail (Great Lakes_000014-000016);

15. Loan Detail (Great Lakes_000017-000019);

16. Payment Schedule and Disclosures (Great Lakes_000020-000027);

17. Great Lakes Hardship Request Checklist (Great Lakes_000029-000047);

18. May 25, 2017 Letter (Great Lakes_000053-000054);

19. May 26, 2017 Letter (Great Lakes_000055-000056);

20. Any and all documents attached to Plaintiff's Petition;

21. Any and all documents produced and/or identified through discovery, initial disclosures, or subpoenas to non-parties;

## 11. DEPOSITION TESTIMONY

No depositions were taken in this matter.

## PLAINTIFF

None.

## DEFENDANT

None.

## 12. CHARTS, GRAPHS, MODELS, SCHEMATICS, DIAGRAMS

**PLAINTIFF**

**DEFENDANT**

None.

## 13. LIST OF WITNESSES

Plaintiff failed to serve a list of trial witnesses by the January 2, 2018 deadline set forth in the Court's Scheduling Order. On January 2, 2018, Defendant filed and served its witness list in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

**PLAINTIFF**

Great Lakes objects to any witnesses sought to be called by Plaintiff due to Plaintiff's failure to serve a list of trial witnesses by the January 2, 2018 deadline set forth in the Court's Scheduling Order.

**DEFENDANT**

Great Lakes <u>will</u> call the following witnesses:

1. Plaintiff Michael Jones, Sr.

    317 St. Phillip St.

    Raceland, Louisiana 70394

Plaintiff is expected to testify regarding the subject Loan, his TPD discharge, his default under the Loan, the offset of his tax refund, his failure to comply with the requirements of the TPD post-discharge monitoring period, the alleged garnishment of disability benefits, and other facts and circumstances alleged in Plaintiff's Complaint.

    2.    Beth Erickson

        Vice President, Repayment Solutions

        Great Lakes Higher Education Guarantee Corporation

        2401 International Lane

        Madison, Wisconsin 53704

Ms. Erickson is expected to testify regarding the Great Lakes' role with respect to the subject Loan during the time it serviced the Loan, Plaintiff's default under the Loan, correspondence between Great Lakes and Plaintiff, and the lack of any relationship between Great Lakes and Plaintiff since 2012. Ms. Erickson will testify that, to the extent Great Lakes was involved with the offset of Plaintiff's tax refund in 2011, the offset was lawful due to Plaintiff's default under the subject loan.

## 14. JURY OR NON-JURY CASE

All aspects of this case will be tried before Honorable Judge Jay C. Zainey of the United States District Court without a jury.

## 15. DAMAGES

The issue of liability will not be tried separately from that of quantum.

## 16. OTHER MATTERS

None at this time.

## 17. COMMENCEMENT OF TRIAL

The trial shall commence on March 19, 2018 at 9:30 a.m. The estimated length of trial is 1 day.

## 18. STATEMENT REGARDING CONFERENCE OF COUNSEL

This pretrial order was prepared by counsel for Great Lakes without contribution from Plaintiff Michael Jones, Sr. ("Plaintiff"), who is representing himself in this matter *pro se*. The undersigned counsel for Great Lakes made multiple attempts to contact Plaintiff over the past month in an attempt to schedule a meeting to confer regarding preparation of the pretrial order. The undersigned last spoke with Plaintiff on the phone last Tuesday, February 20, 2018. During that call, Plaintiff acknowledged the Court's requirement that the parties meet to confer regarding the preparation of the pretrial order, and Plaintiff confirmed that he would meet me the undersigned's office at 9:30 a.m. on Monday, February 26th, for a conference to prepare the pretrial order. Plaintiff did not show up for our scheduling meeting. The undersigned attempted to call Plaintiff yesterday afternoon, but he did not answer his phone.

## 19. STATEMENT REGARDING POSSIBILITY OF SETTLEMENT

The possibility of settlement of this case was considered.

SIGNED this ____ day of _____, 2018, in New Orleans, Louisiana.

_____Unsigned_____
HONORABLE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

RESPECTFULLY SUBMITTED, this the 27TH day of February, 2018.

Michael Jones, Sr.
314 St. Phillip St.
Raceland, LA 70394
*Plaintiff, Pro se*

G. ROBERT PARROTT II (#37511)
GRAHAM H. WILLIAMS (#36731)
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
robert.parrott@arlaw.com
graham.williams@arlaw.com
*Attorneys for Great Lakes Educational Loan Services, Inc.*